UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

                Petitioner,                Case No. 2:18-cv-11243
                                                                 Hon. Victoria A. Roberts

v.

DUNCAN MACLAREN,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [Dkt. 2]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner David Wilson ("Petitioner") challenges his Wayne Circuit Court convictions for assault with a dangerous weapon, felon in possession of a firearm, and possession of a firearm during commission of a felony. The matter is before the Court on Petitioner's motion to stay his habeas proceeding while he pursues state post-conviction relief.

## I. Background

Following Petitioner's conviction he filed a direct appeal in the Michigan Court of Appeals, raising what appear to be the same six claims he presents in his present habeas petition. On June 22, 2017, the Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Wilson*, No. 330333 (Mich. Ct. App. June 22, 2017). On April 3, 2018, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Wilson*, No. 156172 (Mich. April 3, 2018). For statute-of-limitations purposes, his conviction will became final 90 days after the Michigan Supreme Court's order, when the time for filing a petition for writ of certiorari expires, on or about July 3, 2018. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Petitioner alleges that he wishes to pursue further relief in the state courts by filing a motion for relief from judgment, raising claims of ineffective assistance of counsel. Petitioner asserts that he requires a stay of his federal habeas petition while he pursues his state court appeal due to statute of limitations concerns.

## II. Discussion

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Here, at the time he filed his petition, the statute of limitations for filing his federal habeas petitioner has not yet started. Furthermore, the statute of limitations will be tolled while Petitioner pursues his state post-conviction review proceeding. See 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner fails to demonstrate that a stay of proceedings is necessary in this case.

## III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay [Dkt. 2] is **DENIED**.

If Petitioner desires to pursue his state court remedies with respect to any additional claims prior to seeking federal habeas relief, he must file a motion to voluntarily dismiss this action.

S/Victoria A. Roberts  
Hon. Victoria A. Roberts  
United States District Court

Dated: <u>April 27, 2018</u>